**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| **RADHEY LODGING LLC,**<br><br>              **Plaintiff,**<br><br>vs.<br><br>**AMGUARD INSURANCE COMPANY & MULLEN INSURANCE AGENCY LLC,**<br><br>              **Defendant.** | **CASE NO. _____**<br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Radhey Lodging LLC, and for their Complaint and Jury Demand, respectfully state as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiff Radhey Lodging LLC is now and has been at all times relevant to the above captioned matter a limited liability company organized under the laws of Missouri and domiciled in Henry County, Iowa.

2.      Defendant AmGuard Insurance Company (hereinafter "AmGuard") is a company incorporated under Pennsylvania law with its principal place of business in Pennsylvania and licensed to transact business in all U.S. states and the District of Columbia with the exception of North Dakota, Washington and Wyoming.

3.      Defendant Mullen Insurance Agency LLC (hereinafter "Mullen") is a limited liability company organized under the laws of Minnesota

4. Defendants AmGuard and Mullen meet the mandatory minimum contacts with the Southern District of Iowa by doing business at least in Henry County, Iowa; therefore jurisdiction is proper.

5. Subject matter jurisdiction of the District Court is proper pursuant to 28 USC § 1332 because this action is between citizens of different states and:

    a. The damages for breach of contract exceed $75,000.00 because Defendants have refused to compensate Plaintiffs for actual damages in excess of $75,000.00 to Plaintiffs' property as a result of a fire covered by insurance issued by Defendant.

    b. Defendants further failed to state any adequate reason for its failure to pay the Plaintiffs' claim for damage and acted deliberately to interfere with Plaintiffs' claim in order to deny the claim. The independent damages for this claim exceed $75,000.00.

6. Venue is proper in the District Court for Southern District of the United States.

## FACTUAL BACKGROUND

7. Radhey Lodging LLC owns and operates the Quality Inn located at 1200 East Baker Street, Mount Pleasant, Iowa 52641.

8. AmGuard issued Policy number MOBP845311 to Radhey Lodging LLC. The Policy period is December 13, 2017 to December 13, 2018.

9. The aforementioned policy was sold to Radhey Lodging LLC by Mullen.

10. The Policy consisted of a contract of insurance, promising to provide coverage for certain property damage and personal injuries, including coverage for loss of real and personal property due to water damage.

11. On or about January 7, 2018, a sprinkler pipe froze and burst at the hotel. The burst pipe caused damage to the building and extensive damage to the property located therein. The burst pipe also caused and continues to cause a significant loss in business and profits for the Plaintiff.

12. The damages referred to in Paragraph 8 are covered by the Policy or should have been covered had the correct Policy and coverage been issued.

13. On January 9, 2018, the Plaintiff informed AmGuard of the loss.

14. In the interim, AmGuard sent an engineer to obstinately evaluate the damages.

15. However, the true purpose of the visit by the engineer was to determine if AmGuard could deny coverage.

16. Upon information and belief, AmGuard did not send the Plaintiff a reservation of rights letter or otherwise advise Plaintiff of a potential coverage dispute, and therefore denied the Plaintiff an opportunity to rebut the engineer's observations and findings.

17. On February 28, 2018, AmGuard denied coverage for the loss. The denial letter is attached hereto as Exhibit 1.

## COUNT I - BREACH OF CONTRACT
### (Against Defendant AmGuard Insurance Company)

18. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

19. The Policy is a valid, binding contract between AmGuard and Radhey Lodging LLC.

20. The Policy required financial coverage for losses suffered by the Plaintiff to be paid by the Defendant.

21. Plaintiff has performed all the terms and conditions under the contract.

22. AmGuard has breached the contract by failing to pay for damages resulting from the burst pipe, including, but not limited to, loss of revenue, cleaning services, replacement of goods, and costs for renovation.

23. AmGuard has breached its agreement with Radhey Lodging LLC by failing to pay the amount due to them under the Policy terms.

24. Radhey Lodging LLC have suffered damages as a result of AmGuard's breach of the Policy.

**WHEREFORE**, the Plaintiff, Radhey Lodging LLC respectfully requests that this Court enter judgment in their favor in the amount of their damages against Defendant, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

**COUNT II – TORTIOUS BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Against Defendant AmGuard Insurance Company)**

25. Plaintiff incorporates all prior paragraphs as if fully stated herein.

26. Radhey Lodging LLC and AmGuard entered into a contract.

27. Radhey Lodging LLC did all of the significant things that the contract required it to do, including, but not limited to, paying premiums for insurance coverage.

28. All the conditions for AmGuard's performance had occurred.

29. AmGuard unfairly interfered with Radhey Lodging LLC's right to receive the benefits of the contract.

30. Radhey Lodging LLC was harmed by AmGuard's conduct.

**WHEREFORE,** the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendant in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

### COUNT III - BAD FAITH
### (Against Defendant AmGuard Insurance Company)

31. Plaintiffs incorporate all prior paragraphs as if more fully stated herein.

32. Due to the inherently unequal bargaining power between an insurer and an insured regarding an insurance policy/contract of adhesion, a special relationship existed, at all relevant times, with Radhey Lodging LLC, as beneficiary to the insurance contract, and AmGuard, warranting protection of rights of Radhey Lodging LLC by AmGuard, and giving rise to a duty on the part of Defendant and Defendant's agents to act only in good faith and for the protection of Plaintiffs.

33. This duty of good faith requires Defendant to honor Plaintiffs' insurance claims in the absence of a reasonable basis for delay or denial of those claims.

34. Defendant breached this duty to Radhey Lodging LLC by denying its claims without a reasonable basis in that the claim was not fairly debatable.

35. Defendant knew that denying payment of Plaintiff's claims was without a reasonable basis.

36. Defendant acted in reckless disregard of the lack of a reasonable basis for delaying Plaintiff's claims.

37. The duty of good faith further requires Defendant to promptly and properly investigate Plaintiff's claims and to subject the findings of that investigation to a reasonable evaluation and review.

38. Defendant breached the duty of good faith by failing to conduct a proper investigation and by failing to subject the findings of its investigation to a reasonable evaluations and review.

39. Defendant also breached the duty of good faith by ostensibly investigating the extent of the damage, but actually investigating a basis to deny the claim.

40. Defendant further breached the duty of good faith by failing to send a reservation of rights to Plaintiff prior to the investigation.

41. Defendant's breach of duty was a proximate cause of damage to Plaintiff.

42. As a result of the breach of Defendant's duty of good faith, Plaintiff paid premiums without receiving the benefit of the contract. Furthermore, they were subjected to both financial and emotional strain due to the significant expenses and work involved with overseeing the repair and cleaning of their hotel.

43. Defendant's conduct in breaching its duty of good faith was illegal, in violation of Iowa Code § 507B.4(9) *et. seq.*

44. Defendant's conduct in breaching its duty of good faith was malicious, fraudulent, grossly negligent, and illegal, entitling Plaintiff to punitive or exemplary damages.

**WHEREFORE**, the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendant in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

### COUNT IV – FRAUD
### (Against Defendant AmGuard Insurance Company)

45. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

46. Defendant made a representation to the Plaintiff through the issuance of the policy that it would cover losses due to water damage.

47. The representations made by the Defendant were false.

48. The representations made by the Defendant were material in nature.

49. The Defendant knew the representations were false.

50. The Defendant intended to deceive the Plaintiff, including but not limited to, representing that the type of loss suffered by the Plaintiff would be covered under the policy, but then denying coverage.

51. The Plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

52. The representation was a proximate cause of Plaintiff's damages.

53. The Plaintiff suffered damages as a result of Defendant's fraudulent representations.

**WHEREFORE,** the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendant in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together

with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

### COUNT V – FRAUD
### (Against Defendant Mullen)

54. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

55. Defendant made a representation to the Plaintiff through its sales of the policy of insurance that the contract would cover the Plaintiff's damages if it suffered a loss.

56. The representations made by the Defendant were false.

57. The representations made by the Defendant were material in nature.

58. The Defendant knew the representations were false.

59. The Defendant intended to deceive the Plaintiff, including but not limited to, representing that the type of loss suffered by the Plaintiff would be covered under the policy.

60. The Plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

61. The representation was a proximate cause of Plaintiff's damages.

62. The Plaintiff suffered damages as a result of Defendant's fraudulent representations.

**WHEREFORE,** the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendant in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

## COUNT VI – NEGLIGENT MISREPRESENTATION
### (Against Defendant AmGuard)

63.	Plaintiffs incorporate all prior paragraphs as if fully stated herein.

64.	The Defendant negligently supplied information to Radhey Lodging LLC which was false, including but not limited to, that the insurance policy in question would cover the type of loss suffered by the Plaintiff.

65.	The Defendant had a financial interest in supplying the information.

66.	The Defendant intended to supply the information for the benefit and guidance of the Plaintiff.

67.	The Defendant intended the information to influence the purchase of the insurance policy.

68.	The Plaintiff acted in reliance on the truth of the information supplied and was justified in relying on the information.

69.	The Plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

70.	The negligently supplied information was a cause of the plaintiff's damage.

71.	The Plaintiff suffered damages as a result of Defendant's negligent representations.

**WHEREFORE,** the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendant in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

## COUNT VII – NEGLIGENT MISREPRESENTATION
### (Against Defendant Mullen)

72. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

73. The Defendant negligently supplied information to Radhey Lodging LLC which was false, including but not limited to, that the insurance policy in question would cover the loss suffered by the Plaintiff.

74. The Defendant had a financial interest in supplying the information.

75. The Defendant intended to supply the information for the benefit and guidance of the Plaintiff.

76. The Defendant intended the information to influence the purchase of the insurance policy.

77. The Plaintiff acted in reliance on the truth of the information supplied and was justified in relying on the information.

78. The Plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

79. The negligently supplied information was a cause of the plaintiff's damage.

80. The Plaintiff suffered damages as a result of Defendant's negligent representations.

**WHEREFORE,** the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendant in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

## COUNT VI – UNJECT ENRICHMENT
### (Against Both Defendants AmGuard and Mullen)

1. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

2. The Defendants were enriched by the receipt of the premiums paid by the Plaintiff, either directly, or through compensation for selling the policy in question.

3. The Defendants were enriched at the expense of the Plaintiff.

4. It is unjust to allow the Defendants to retain the benefit under the circumstances.

**WHEREFORE,** the Plaintiff, Radhey Lodging LLC, requests this Court enter judgment against Defendants in an amount which will fully and fairly compensate it for their injuries and damages, which will punish the Defendant and deter others, together with interest from the date of filing, costs of this action, and for any other relief that they are entitled to under Iowa law.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

BY:  /s/ *Benjamin D. Bergmann*
Benjamin D. Bergmann          AT0009469
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile:  (515) 284-1704
Email: bbergmann@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**

**BERGMANN LAW FIRM, P.L.L.C.**

BY: *Beau A. Bergmann* /s/ .
 Beau A. Bergmann        AT0011561
115 W. Monroe
Mt. Pleasant, IA 52641
Telephone: (319) 385-8527
Facsimile: (515) 598-7782
Email: beau@bergmannlawfirm.com
**ATTORNEY FOR PLAINTIFF**

**Electronically filed.**

**Copy to:**
Radhey Lodging LLC
**PLAINTIFF**